STATE of Minnesota, Respondent,

v.

Booker T. HODGES, Appellant.

No. A07–1519.

Court of Appeals of Minnesota.

Nov. 25, 2008.

Lori Swanson, Attorney General, St. Paul, MN; and Susan Gaertner, Ramsey County Attorney, Thomas R. Ragatz, Assistant County Attorney, St. Paul, MN, for respondent.

Lawrence Hammerling, Chief Appellate Public Defender, James R. Peterson, Assistant State Public Defender, St. Paul, MN, for appellant.

Considered and decided by CONNOLLY, Presiding Judge; LANSING, Judge; and MINGE, Judge.

## OPINION

CONNOLLY, Judge.

Appellant was charged with two counts of criminal sexual conduct: (1) criminal sexual conduct in the first degree in violation of Minn.Stat. § 609.342, subd. 1(g) (2006) and Minn.Stat. § 609.3455, subd. 4(a)(1) (2006), and (2) criminal sexual conduct in the third degree in violation of Minn.Stat. § 609.344, subd. 1(b) (2006) and Minn.Stat. § 609.3455, subd. 4(a)(1). Pursuant to a plea agreement, appellant pleaded guilty to the second count in exchange for the dismissal of count one and the imposition of a life sentence with a mandatory minimum of 20 years. Appellant was sentenced under Minn.Stat. § 609.3455, subd. 5 (2006), and received a life sentence with a minimum period of incarceration of 240 months, lifetime conditional release, and a $1,000 fine. Appellant now challenges his sentence. We affirm.

## FACTS

Minn.Stat. § 609.3455, subd. 5 is a recently enacted statute.[1] The question of how to determine a defendant's minimum term of imprisonment under that statute is one of first impression. At sentencing, the parties and the district court were somewhat unsure how to apply Minn.Stat. § 609.3455, subd. 5 to the defendant's agreed-upon prison sentence of 240 months. Because of this uncertainty, they followed two separate procedures to determine appellant's minimum sentence. First, the district court imposed a life sentence with a minimum period of incarceration of 240 months pursuant to the statute as if the sentencing guidelines did not apply. Second, the district court went through a separate and alternative analysis as if imposing an upward departure based upon aggravating factors under the

sentencing guidelines. In this alternative analysis, the district court applied the sentencing guidelines, and arrived at the same period of imprisonment that the parties had agreed upon. This appeal follows.

## ISSUES

I. How should an appellant's minimum term of imprisonment be determined under Minn.Stat. § 609.3455, subd. 5 (2006)?

II. Did the district court err in setting appellant's minimum term of imprisonment?

## ANALYSIS

I. Minn.Stat. § 609.3455, subd. 5 (2006) requires district courts to set the minimum term of imprisonment for defendants who have violated Minn. Stat. § 609.3455, subd. 4 (2006) to at least the sentence called for by the sentencing guidelines.

Defendants who violate Minn.Stat. § 609.3455, subd. 4, face a mandatory life sentence with the possibility of supervised release. *Id.* Defendants are eligible for supervised release after they have served the "minimum term of imprisonment specified by the court in its sentence." Minn. Stat. § 244.05, subd. 4 (2006).

Minn.Stat. § 609.3455, subd. 5 specifies how a court is to determine the minimum term of imprisonment for offenders sentenced under Minn.Stat. § 609.3455, subd. 4. It provides: "At the time of sentencing under subdivision 3 or 4, the court shall specify a minimum term of imprisonment, based on the sentencing guidelines or any applicable mandatory minimum sentence, that must be served before the offender may be considered for supervised release."

---

1. 2005 Minn. Laws ch. 136, art. 2, § 21, at 931.

Minn.Stat. § 609.3455, subd. 5.[2] Under this statute, a defendant's minimum term of imprisonment must be based on either "the sentencing guidelines," or "any applicable mandatory minimum sentence." *Id.*

Minn.Stat. § 609.3455, subd. 4(a)(1) provides a mandatory minimum sentence. Specifically, it states that a district court "shall sentence a person to imprisonment for life" for violations of Minn.Stat. § 609.344.

Thus, the interplay of Minn.Stat. § 609.3455, subd. 4 and Minn. Stat § 609.3455, subd. 5, requires a district court to sentence an offender who has violated Minn.Stat. § 609.3455 to a minimum term of imprisonment of imprisonment for life.

Minn.Stat. § 244.05, subd. 4(d) (2006), addresses when a defendant who has violated Minn.Stat. § 609.3455, subd. 4, is eligible for supervised release: "An inmate serving a mandatory life sentence under section 609.3455, subdivision 3 or 4, must not be given supervised release under this section without having served the minimum term of imprisonment specified by the court in its sentence." Thus, an inmate who is serving a mandatory life sentence under Minn.Stat. § 609.3455, subd. 4, is not eligible for release until that inmate has served the minimum term of imprisonment imposed by the district court. Minn.Stat. § 244.05, subd. 4(d) (2006). As discussed above, the minimum term of imprisonment for violations of Minn.Stat. § 609.3455, subd. 4, is "impris-

onment for life." But Minn.Stat. § 244.05, subd. 4(d) does not state how long a life sentence must be for violations of Minn. Stat. § 609.3455, subd. 4. As a result, district courts have the discretion to set the "minimum term" of the life sentence referred to in Minn.Stat. § 609.3455, subd. 5.

At this point, the reference to the sentencing guidelines found in Minn.Stat. § 609.3455, subd. 5, becomes relevant. It could be argued that the reference to sentencing guidelines is superfluous because, as the statutes are currently written, a district court will always have to impose the minimum sentence referred to in Minn. Stat. § 609.3455, subd. 3 because it is a mandatory minimum and district courts must impose mandatory minimum sentences. But we are mindful that "[e]very law shall be construed, if possible, to give effect to all its provisions." Minn.Stat. § 645.16 (2006). Thus, in order to give "effect" to Minn.Stat. § 609.3455, subd. 5's reference to "sentencing guidelines," we interpret Minn.Stat. § 609.3455, subd. 5 as requiring district courts to set the minimum term of imprisonment for defendants who have violated Minn.Stat. § 609.3455, subd. 4 to at least the sentence called for by the sentencing guidelines.

## II. The district court did not err in setting appellant's minimum term of imprisonment.

The district court did not err in setting appellant's sentence. As discussed in the

---

2. Addressing Minn.Stat. § 609.3455, subd. 5, the commentary to the Minnesota Sentencing Guidelines provides that:

> The 2005 Legislature enacted statutory changes allowing life sentences with the possibility of release for certain sex offenders. The statute requires the sentencing judge to pronounce a minimum term of imprisonment, based on the sentencing guidelines and any applicable mandatory minimum that the offender must serve before being considered for release. All applicable sentencing guidelines provisions, including the procedures for departing from the presumptive sentence, are applicable in the determination of the minimum term of imprisonment for these sex offense sentences.

Minnesota Sentencing Guidelines II.C.08.

previous section, our legislature has vested district courts with the authority to set the minimum term of imprisonment for offenders sentenced under Minn.Stat. § 609.3455, subd. 4, as long as that minimum term of imprisonment is equal to or greater than the sentence called for by the sentencing guidelines.

Appellant's sentence is equal to or greater than the sentence called for by the Minnesota Sentencing Guidelines.[3] Thus, appellant's sentence satisfies the requirements of Minn.Stat. § 609.3455, subd. 5. Appellant's *Blakely* arguments are not relevant to our disposition of this issue because, pursuant to Minn.Stat. § 609.3455, subd. 5, the district court had the discretion to set appellant's minimum term of imprisonment as long as it was at least as long as the sentence called for by the sentencing guidelines.

Even if appellant's *Blakely* arguments were relevant, they would nonetheless be unavailing. Appellant contends that: (1) the state did not give proper and timely notice of its intent to seek a departure from the sentencing guidelines, (2) his *Blakely* waiver was not voluntary and intelligent since he "thought" the waiver he signed only dealt with the fact that he had the two prior sex-offense convictions necessary to qualify him for sentencing under Minn.Stat. § 609.3455, subd. 4(1), (3) there were "no facts properly in the record" to support the district court's basis for departure, because "[i]t was improper to use the facts used in the factual basis given at the guilty plea hearing as the factual basis for the aggravating factors," (4) it was error for the court to consider certain documents that supported an upward departure, and

(5) his *Blakely* rights were violated in determining the date of his offense because he was not put on notice that there was a *Blakely* issue surrounding his offense date.

■ Regarding appellant's first contention, appellant claims that the state did not follow Minnesota Rule of Criminal Procedure 7.02's notice procedures for seeking an aggravated sentence which, among other requirements, calls for seven days' written notice. While appellant is correct concerning the inadequate notice, he suffered no prejudice because he agreed to the *Blakely* waiver and to the sentence as part of his plea.

■ Concerning appellant's contention that his *Blakely* waiver was not voluntary and intelligent, we note that appellant signed a valid *Blakely* petition. This petition made it absolutely clear to appellant that he was waiving all of his *Blakely* rights, including rights related to the establishment of the offense date. Appellant's claim that the petition was in some way limited is unpersuasive in light of our review of the petition. The petition, among other things, provided that appellant waived his right to a "trial on the facts in support of an aggravated sentence," and that appellant waived his "right not to testify" so that he could tell the district court about "the facts which support an aggravated sentence."

■ Appellant's claim that the district court needed to have two separate hearings to elicit the factual basis for the guilty plea and the aggravating factors is unsupported by any authority, and it is not this court's place to impose such a requirement on the district court. *See Tereault v.*

---

**3.** Defendant acknowledges that he has the two predicate sex-offense convictions required by Minn.Stat. § 609.3455, subd. 4(1). Appellant committed a level D offense and had a criminal history score of four. Thus, under the sentencing guidelines, appellant had a guideline sentence of 91 months, with a non-departure range of 77 to 109 months. Minn. Sent. Guidelines Sex Offender Grid.

*Palmer,* 413 N.W.2d 283, 286 (Minn.App. 1987) ("[T]he task extending existing law falls to the supreme court or the legislature, but it does not fall to this court."), *review denied* (Minn. Dec. 18, 1987). Further, because appellant's *Blakely* waiver was valid, appellant was not required to provide the facts supporting the departure. Our review of the record indicates that the state introduced sufficient evidence to prove the aggravating factors.

 Appellant now objects to the submission of certain documents that supported an upward departure; however, appellant never objected to the submission of these documents to the district court. As a result, we consider this issue waived. *Roby v. State,* 547 N.W.2d 354, 357 (Minn. 1996).

## DECISION

Because the district court set appellant's minimum term of imprisonment to at least the minimum term of imprisonment called for by the sentencing guidelines, we affirm.

**Affirmed.**